UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CLYMER FARNER BARLEY, INC.,**

　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No: 5:21-cv-312-RBD-PRL

**JOHN DOE 1-10,**

　　Defendant.

### ORDER

　　This case was filed pursuant to the Defend Trade Secrets Act and the Computer Fraud and Abuse Act and is before me for consideration of the Plaintiff's motion to extend the service deadline until February 15, 2022. (Doc. 28). Also before me is a motion by a third party, Christopher Potts, for leave to file a reply to Plaintiff's request to extend the service deadline. (Doc. 29).

　　In this case, Plaintiff has sued John Does for violations of the Defend Trade Secrets Act (18 U.S.C. § 1839) and the Computer Fraud and Abuse Act (18 U.S. C. § 1030(g)). Plaintiff, Clymer Farner Barley, Inc. ("CFB"), is a civil engineering and land surveying firm whose primary client is the Holding Company of the Villages and its various affiliates and subsidiaries who develop and manage large residential communities known as "The Villages." CFB's work involves developing forward-looking maps regarding upcoming neighborhoods and projects, including development maps that are considered confidential and trade secret information.

　　This action arises out of the publication of a letter to the editor by the Villages-News.com that included a confidential map prepared by CFB for the Villages. In short,

Plaintiff has initiated this suit and over the past several months has been diligently conducting discovery in an attempt to ascertain the identity of defendants. As a review of the record in this case reflects, Plaintiff's efforts have complied with the Federal Rules of Civil Procedure and this Court's Local Rules.

Recently, the Court directed Plaintiff to show cause why this case should not be dismissed pursuant to Local Rule 3.10, for lack of prosecution due to the failure to perfect service of process within the time prescribed by Federal Rules of Civil Procedure 4 (m). Plaintiff responded with a detailed recitation of the efforts it has made in conducting discovery to ascertain the identity of the defendants. As Plaintiff recites, it has recently sought additional discovery that it expects to complete by February 15, 2022 that will provide greater certainty regarding defendants' identifies and, thus, an extension of the service deadline would promote judicial economy and the interests of justice. (Doc. 28). *See, e.g., Fontaine v. Inch*, No. 20-CV-23438, 2021 WL 3174674, at *6 (S.D. Fla. July 27, 2021) (declining to dismiss John Doe defendants nearly a year after filing finding plaintiff made a good faith effort to discover identities of the defendants).

Given the overall circumstances here, the Court finds sufficient good cause to permit an extension of Plaintiff's service deadline to February 15, 2022.

Also pending before the Court is a motion filed by Christopher Potts who, through counsel, contends that Plaintiff has taken an adverse position toward him and may name him as a defendant. Potts contends that, "[t]he manner in which the Plaintiff is proceeding is highly prejudicial to Mr. Potts and violates his due process and his ability to defend himself from any adverse allegations." (Doc. 29). Potts requests that the Court take no action on the Court's Order to Show Cause (Doc. 26), the motion to seal (Doc. 27), or Plaintiff's Response

to Order to Show Cause and Motion to Extend Service Deadline (Doc. 28) until he is able to file a reply to be considered by the Court. Potts's request (which is opposed by Plaintiff) is due to be granted only to the extent that he may file any pleading that he deems appropriate and it will be considered by the Court; however, it is otherwise denied. In the circumstances of this case, it would be counterproductive to the interests of justice for the Court to delay timely ruling on Plaintiff's requests.

All proceedings in this matter are, of course, conducted pursuant to the protections and due process afforded by the Federal Rules of Civil Procedure and this Court's Local Rules. While Mr. Potts is currently a third party to this litigation, he is currently represented by Counsel. He or any other third party (whether presented by counsel or proceeding *pro se*) may raise objections at any appropriate stage and by any appropriate motion.

**DONE** and **ORDERED** in Ocala, Florida on December 13, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties